UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————— x

F. STEWART KALLINGER, LLC.,

                      Plaintiff,

    -against-

PLAYSTER CORPORATION,

                      Defendant.

———————————————————————— x

Civil Action #:

COMPLAINT FOR
COPYRIGHT
INFRINGEMENT

DEMAND FOR JURY TRIAL

## NATURE OF THE ACTION

1. This is a copyright infringement action, et al., on behalf of plaintiff F. Stewart Kallinger, LLC., (hereinafter referred to as "Kallinger") against defendant Playster Corporation pursuing remedies authorized under State and Federal laws for the unauthorized advertising and distribution of a book authored by plaintiff Kallinger.

## JURISDICTION AND VENUE

2. The claims asserted herein arise pursuant to the Copyright Act (17 U.S.C. § 101, et eq.) and Lanham Act (15 U.S.C. §1114, 1125, et seq.) et al.

3. This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331 & 1338.

4. Venue is properly laid in this District pursuant to 28 U.S.C. § 1400.  The acts and conduct complained herein occurred in substantial part in this District and the defendants maintain their principal place of business in this District.

5. This Court has supplemental jurisdiction over the pendant New York State Law Claims pursuant to 28 U.S.C. § 1367.

6. In connection with the acts and conduct alleged in this Complaint, defendant directly and/or indirectly used the means and instrumentalities of interstate commerce, including the World Wide Web and/or internet.

## PARTIES

7. Plaintiff Kallinger is a Limited Liability Company organized and existing under the laws of the State of New York.

8. Defendant Playster is a corporation organized and existing under the laws of the State of New York, with its principal place of business located at 77 Water Street, New York, New York.

## FACTUAL ALLEGATIONS

9. Plaintiff Kallinger authored a book entitled "A Lesson For Ms. Fort" (hereinafter referred to as "Book").

10. Plaintiff Kallinger is the legal and beneficial owner of the copyright interest in the Book.

11. Plaintiff Kallinger registered the Book with the United State Copyright Office, registration number TXU 2-001-375, effective date of registration was September 8, 2015. Attached hereto as Exhibit "1" is a true and accurate copy of the Certificate of Registration.

12. Defendant publishes an internet website, www.playster.com which is available and

accessed by members of the general public.

13. Defendant publishes an internet website, www.mylovelibrary.com which is available and accessed by members of the general public.

14. Defendant publishes an internet website, www.libraryubook.com which is available and accessed by members of the general public.

15. Defendant publishes an internet webpage, https://sites.google.com/site/jmfurehs which is available and accessed by members of the general public.

16. Defendant publishes an internet webpage, https://www.google.com/fusiontablses/data, which is available and accessed by members of the general public.

17. Defendant is responsible for the creation and development of information provided on the websites and webpages identified, supra.

18. Defendant maintains a web based digital catalogue of books, music, videos and games (hereinafter referred to as "Online Library").

19. Defendant provides to the general public for a monthly subscription charge access to it's Online Library.

20. Defendant advertises on the internet and through other mediums, that its subscribers can download media from it's Online Library.

21. Defendant also advertises that media available from it's Online Library is free.

22. Defendant via its internet postings and webpages, direct consumers to www.playster.com.

23. Consumers are directed to open up an account and provide credit card information in order to be billed the monthly subscription charge to be a member of defendant Playster.

24. During the spring of 2016, plaintiff Kallinger discovered that defendant generated, posted

and published the aforementioned webpages and others, that stated that plaintiff Kallinger's Book was available to be downloaded for free from defendant's websites and/or webpages (See for example Exhibit "2").

25. During the spring of 2016, plaintiff Kallinger discovered that defendant reproduced, distributed and made publicly available a substantial portion of plaintiff Kallinger's Book without plaintiff Kallinger's authorization.

26. Defendant does not have any license, authorization, permision or consent to use the Book.

27. Plaintiff Kallinger is entitled to injunctive relief and redress for defendant's willful, intentional and purposeful use and exploitation of the Book for its own financial benefit with full knowledge that such use constituted infringement of, and was in disregard of, plaintiff Kallinger's rights.

## COUNT I
## COPYRUGHT INFRINGMENT

28. Plaintiff Kallinger repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 27 above, as if fully set forth herein.

29. Defendant has infringed plaintiff Kallinger's copyright in the Book in violation of the Copyright Act, 17 U.S.C. §§ 106 and 501.

30. Defendant's acts of infringement are willful, intentional and purposeful, in disregard of and with indifference to plaintiff Kallinger's rights.

31. As a direct and proximate result of said infringement by defendant, plaintiff Kallinger is entitled to general, special and/or statutory damages in an amount to be proven at trial.

32. Plaintiff Kallinger is also entitled to defendant's profits attributable to the infringement, pursuant to 17 U.S.C. § 504(b), including an accounting of and a constructive trust with respect to such profits.

33. Plaintiff Kallinger is further entitled to its attorneys' fees and costs pursuant to 17 U.S.C. § 505 and otherwise according to law.

34. As a direct and proximate result of the foregoing acts and conduct, plaintiff Kallinger has sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law.

35. Plaintiff Kallinger is informed and believe and on that basis avers that unless enjoined and restrained by this Court, defendant will continue to infringe plaintiff Kallinger's rights in the Book.

36. Plaintiff Kallinger is entitled to preliminary and permanent injunctive relief to restrain and enjoin defendant's continuing infringing conduct.

## COUNT II.

## LANHAM ACT VIOLAITON

37. Plaintiff Kallinger repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 36 above, as if fully set forth herein.

38. Plaintiff Kallinger received trademark protection for it's name "F Stewart Kallinger" (hereinafter referred to as "Mark") with the United States Patent and Trademark Office, under Registration No. 5,057.340.

39. Defendant has violated plaintiff Kallinger's rights as protected by the Lanham Act, 15 U.S.C. § 1114, 1125 et seq.

40. Defendant without plaintiff Kallinger's consent used in commerce plaintiff Kallinger's Mark, as part of the sale or distribution of its goods and/or services.

41. Defendant's use is likely to cause confusion that defendant has the right and ability to provide plaintiff Kallinger's Work for free and that plaintiff Kallinger sponsors or endorses defendant's use of the Mark.

42. Defendant has engaged in unfair competition due to the above referenced false descriptions, representations, paliming off and/or passing off.

43. Defendant's conduct violates common law trade mark infringement, false designation, false or misleading description and misrepresentation of fact.

44. Defendant's conduct deceives as to the affiliation, connection, or association of plaintiff Kallinger and defendant; as to the origin, sponsorship, and approval of plaintiff Kallinger's Work as represented by defendant; and misrepresents the nature, characteristics and qualities of plaintiff Kallinger's Work.

45. Defendant's acts are willful, intentional and purposeful, in disregard of and with indifference to plaintiff Kallinger's rights.

46. As a direct and proximate result of said infringement by defendant, plaintiff Kallinger is entitled to general, special, treble and statutory damages in an amount to be proven at trial.

47. Due to defendant's egregious conduct, plaintiff Kallinger is entitled to punitive damages.

48. Plaintiff Kallinger is entitled to defendant's profits attributable to its wrongful conduct and an accounting of and a constructive trust with respect to such profits. If the court shall find that the amount of the recovery based on profits is inadequate it is requested to enter judgment for such sum as the court shall find to be just, according to the circumstances of the case.

49. Plaintiff Kallinger is further entitled to its attorneys' fees and costs pursuant to 15 U.S.C. § 1114 & §1117, and otherwise according to law.

50. As a direct and proximate result of the foregoing acts and conduct, plaintiff Kallinger has sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law. Plaintiff Kallinger is informed and believe and on that basis avers that unless enjoined and restrained by this Court, defendant will continue to infringe plaintiff Kallinger's protected rights. Plaintiff Kallinger is entitled to preliminary and permanent injunctive relief to restrain and enjoin defendant's continuing infringing conduct.

## COUNT III.
## FALSE ADVERTISING

51. Plaintiff Kallinger repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 50 above, as if fully set forth herein.

52. Defendant's internet marketing advertising impacted consumers and the general public.

53. Defendant's internet marketing advertising was deceptive and misleading in a material way. For example, consumers were led to believe that they could download media for

free, although they were required to join defendant Playster and pay a fee after being a member for thirty days.

54. Defendant further mislead consumers by representing that plaintiff Kallinger's Book was available for free to members of defendant Playster.

55. At the time that this Complaint was drafted, plaintiff Kallinger was unable to locate its Book in defendant's Online Library.

56. Plaintiff Kallinger was damaged, inter alia, in that potential purchasers of the Book were led to believe that the Book was available for free and they did not have to purchase it, which would affect the general publics' valuation of the book.

57. Defendant's actions violate New York General Business Law § 350.

58. As a direct and proximate result of defendant's conduct, plaintiff Kallinger is entitled to general, special and/or statutory damages in an amount to be proven at trial.

59. Plaintiff Kallinger is further entitled to it's attorneys' fees and costs.

COUNT IV.

VIOLATION OF NEW YORK CIVIL RIGHTS LAW § 50 & 51

60. Plaintiff Kallinger repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 59 above, as if fully set forth herein.

61. Defendant for advertising purposes, and/or for the purposes of trade, knowingly used plaintiff Kallinger's name, without having obtained plaintiff Kallinger's written consent.

62. Defendant violated New York Civil Rights Law § 50 & 51.

63. Plaintiff Kallinger is entitled to recover general, special and punitive damages against defendant.

64. Plaintiff Kallinger is further entitled to its attorneys' fees and costs.

65. As a direct and proximate result of the foregoing acts and conduct, plaintiff Kallinger has sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law. Plaintiff is informed and believe and on that basis avers that unless enjoined and restrained by this Court, defendant will continue to infringe plaintiff Kallinger's protected rights. Plaintiff Kallinger is entitled to preliminary and permanent injunctive relief to restrain and enjoin defendant's continuing infringing conduct.

## COUNT V.

### VIOLATION OF NEW YORK GENERAL BUSINESS LAW § 349

66. Plaintiff Kallinger repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 65 above, as if fully set forth herein.

67. Defendant's actions constitute a knowingly deceptive consumer-oriented act and practice which was misleading in a material respect.

68. Plaintiff Kallinger was damaged, inter alia, in that potential purchasers of the Book were led to believe that the Book was available for free and they did not have to purchase it, which would affect the general publics' valuation of the book.

69. As a direct and proximate result of defendant's conduct, plaintiff Kallinger is entitled to general, special, treble and/or statutory damages in an amount to be proven at trial.

70. Plaintiff Kallinger is further entitled to it's attorneys' fees and costs.

## COUNT VI

### FRAUD AND MISREPRESENTATION

71. Plaintiff Kallinger repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 70 above, as if fully set forth herein.

72. Defendant made false statements regarding plaintiff Kallinger's Book.

73. Defendant falsely stated that the Book was available for free on defendant's website.

74. Defendant falsely stated that thousands of people had voted and rated plaintiff Kallinger's Book and the number of votes would materially change within seconds of previosuling viewing defendant's webpages.

75. Defendant made other false and misleading statements.

76. The statements made by defendant were false and untrue.

77. The statements were known by the defendant to be false when it made the same.

78. The statements were so made by the defendant for the purpose and with the intent of deceiving, defrauding and to induce reliance thereon.

79. Plaintiff and others believed said statements so made by the defendant to be true and relied thereon.

80. As a result of defendant's actions, plaintiff Kallinger suffered damages in an amount to be proven at trial.

81. As a direct and proximate result of defendant's conduct, plaintiff Kallinger is entitled to general, special, exemplary damages in an amount to be proven at trial.

## COUNT VII.

## STATUTORY VIOLATIONS

82. Plaintiff Kallinger repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 82 above, as if fully set forth herein.

83. Defendant's conduct violates numerous Federal, State and Local statutes, Rules and Ordinances, including but not limited to: New York General Business Law § 133 (e.g., use of plaintiff Kallinger's name with intent to deceive); 360;  § 360-k (e.g., infringement of plaintiff Kallinger's name and mark);  GBL § 360-l (e.g., injury to plaintiff Kallinger's business reputation and dilution); § 396-m; & § 396-mm.

84. As a result of defendant's actions, plaintiff Kallinger suffered damages in an amount to be proven at trial.

85. As a direct and proximate result of defendant's conduct, plaintiff Kallinger is entitled to general, special, statutory, treble and exemplary damages in an amount to be proven at trial.

86. Plaintiff Kallinger is further entitled to it's attorneys' fees and costs.

WHEREFORE, plaintiff Kallinger prays for judgment against defendant, as follows:

On Counts I,. II, III, IV for:

A. Damages in such amount as may be found, or as otherwise permitted by law;

B. An accounting of, and the imposition of a constructive trust with respect to, defendant's profits attributable to its infringements of plaintiff Kallinger's rights;

C. A preliminary and permanent injunction prohibiting defendant, and its agents, servants, employees, officers, successors, licensees and assigns, and all persons acting in concert or participation with each or any of them, from continuing to infringe plaintiff Kallinger's rights;

D. Prejudgment interest according to law; and

E. Plaintiff Kallinger's attorneys' fees, costs and disbursements in this action.

On Counts V, VI & VII for:

A. General, special, treble and/or statutory damages as may be found, or as otherwise permitted by law; and

B. Plaintiff Kallinger's attorneys' fees, costs and disbursements in this action.

Together with such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a jury.

Dated: Hempstead, New York
November 16, 2016

Law Offices of Glenn J. Wurzel

By: _____
Glenn J. Wurzel
*Attorney for plaintiff F. Stewart Kallinger, LLC*
62 Nichols Court, Suite 303
Hempstead, New York 11550
(516) 481-7617 Ext. 22
Email: gjw@wurzelaw.com